UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14280-Moore/McCabe

DAWUD C.S. GABRIEL,

    Plaintiff,

v.

PAUL J. BOGAERT and
MARY LENA LYALL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DE 3)

THIS CAUSE comes before the Court upon Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* ("Application"), which was referred to the undersigned by United States District Judge K. Michael Moore. (DE 3, DE 7). For the reasons set forth below, the undersigned **RECOMMENDS** that the Application be **GRANTED**. The undersigned further **RECOMMENDS** that Plaintiff's Amended Complaint (DE 11) be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.    BACKGROUND

This is a *pro se* civil rights case against two employees of the Highlands County Sheriff's Office arising from Plaintiff's eviction from his home and subsequent arrest and incarceration for trespassing. The Amended Complaint alleges that, on April 3, 2023, Deputy Paul Bogaert served an unconstitutional Notice of Eviction and Writ of Possession on Plaintiff, seeking to evict him from his home in Highlands County. (DE 11 at 2). The next day, on April 4, 2023, Deputy Bogaert

returned to the home and falsely arrested Plaintiff for trespassing and resisting arrest without violence. (DE 11 at 2-3). Plaintiff thereafter spent approximately three weeks in the Highlands County Jail. (DE 11 at 19). While in the County Jail, Plaintiff attempted to access his prescribed medications, Adderall and Xanax. (DE 11 at 20, 37). The County Jail's Nursing Administrator, Mary Lena Lyall, refused to allow Plaintiff to take his prescribed medications and/or attempted to taper Plaintiff off Xanax against his will. (DE 11 at 20, 37, 54).

Based on the above, Plaintiff alleges sixty-nine counts as follows:

| Count | Violation |
|---|---|
| 1 | unlawful search and seizure based on events of April 3 and 4, 2023 |
| 2 | unlawful seizure based on events of April 3 and 4, 2023 |
| 3-18 | unlawful seizure based on each day in jail from April 4 - 20, 2023 |
| 19-35 | deliberate indifference to medical needs based on denial of Adderall for each day in jail from April 4 - 20, 2023 |
| 36-52 | deliberate indifference to medical needs based on denial of Xanax for each day in jail from April 4 - 20, 2023 |
| 53-64 | deliberate indifference to medical needs based on tapering-off Xanax for each day in jail from April 4 - 15, 2023 |
| 65-69 | deliberate indifference to medical needs based on denial of Xanax and causing sleeping problems for each day in jail from April 16 - 20, 2023 |

(DE 11).

**II.   INDIGENCY**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without prepayment of costs, fees, or security. Courts enjoy broad discretion over such applications to proceed *in forma pauperis*. *Pace v. Evans*, 709 F.2d 1428,

1429 (11th Cir. 1983).  In determining whether to grant relief, a court must first examine "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014).  After a review of Plaintiff's assets and liabilities, as set forth in the Application, the Court finds Plaintiff meets the necessary financial standard to proceed *in forma pauperis*.  As such, the Application should be granted.

### III. INITIAL SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must next conduct an initial screening of the merits of Plaintiff's Complaint.

#### A. Standard

Under the screening standard, the Court must dismiss any case that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i-iii).  The standard for failure to state a claim mirrors the standard set forth in Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To survive dismissal, a complaint must provide "more than labels and conclusions," and must instead allege facts sufficient to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As a general rule, courts hold *pro se* pleadings to a "less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Courts have no obligation, however, to "re-write" a *pro se* complaint in order to find a claim.  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

3

### B.     Plaintiff's Amended Complaint

The Amended Complaint alleges claims under 42 U.S.C. § 1983, which provides a remedy against every person who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States.  To state a viable § 1983 claim, Plaintiff must allege facts showing (1) a violation of a constitutional right, (2) committed by a person acting under the color of state law.  *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).  For the reasons set forth below, the Court finds the Amended Complaint fails to state any plausible claims for relief.

#### 1.     Claims Related to Deputy Bogaert

The Amended Complaint alleges eighteen counts against Deputy Bogaert stemming from the events of April 3 and 4, 2023, whereby the Deputy served a Notice of Eviction and Writ of Possession on Plaintiff and thereafter arrested him for trespassing and resisting arrest without violence.  (DE 11 at 2-3).  The Amended Complaint includes counts for each day Plaintiff spent in prison as a result of his arrest.  Plaintiff alleges claims of unlawful search, unlawful seizure, and arrest without probable cause, all in violation of 42 U.S.C. § 1983.  (DE 11 at 2-20).

All of Plaintiff's claims seem to rest upon the underlying premise that the state court Notice of Eviction and Writ of Possession were "unlawful" because they stemmed from "unconstitutional Unlawful Entry/Detainer proceedings" in Florida state court.  (DE 11 at 2).  That is to say, Plaintiff seems to claim that (1) Deputy Bogaert had no right to serve the state-court documents upon him because the documents were unlawful, (2) Deputy Bogaert had no right to evict Plaintiff, or to search or seize his home, because the eviction proceedings were unlawful, and (3) Deputy Bogaert had no right to arrest Plaintiff for trespassing because Plaintiff was not in fact trespassing (given that he was never lawfully evicted).

The Court finds that Counts 1-18 fail to state a claim as a matter of law because the Amended Complaint fails to explain how or why the underlying state court eviction proceedings were unlawful or unconstitutional. As stated, all of Plaintiff's claims against Deputy Bogaert seem to rest on this premise. Accordingly, without an explanation as to how or why the state court eviction proceedings were unlawful or unconstitutional, Plaintiff cannot state any plausible constitutional violations against Deputy Bogaert. All claims against Deputy Bogaert should be dismissed without prejudice so that Plaintiff can attempt to cure these deficiencies.

To the extent Plaintiff chooses to file a Second Amended Complaint, he must explain how and why he believes the state-court eviction proceedings were unlawful or unconstitutional. He should also explain the current status of the state-court eviction proceedings, as these facts bear heavily on whether Plaintiff can state a claim. *See Doby v. Strength*, 758 F.2d 1405, 1405–06 (11th Cir.1985) (instructing district court to abstain, pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971), from deciding the merits of plaintiff's § 1983 claims until the conclusion of ongoing, related state court proceedings); *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009) (noting that the *Rooker-Feldman* doctrine bars lower federal courts from reviewing state court judgments).

Also, the Court notes that law enforcement personnel who carry out, execute, or serve court orders enjoy quasi-judicial immunity for ministerial acts performed within the scope of their official duties. *See People ex rel. Giles v. Thomas*, 464 F.2d 156, 159-60 (5th Cir. 1972) (finding immunity for sheriff deputies who executed a court order of eviction). Liability can attach only when the officer goes beyond the ministerial duties required by the court order. *See Cortez v. Close*, 101 F. Supp. 2d 1013, 1016-17 (N.D. Ill. 2000) (finding viable a § 1983 claim where deputy sheriffs exceeded scope of eviction order by searching premises, kicking in bedroom doors, and placing a gun to the head of one of the residents). To the extent Plaintiff submits a Second

5

Amended Complaint, he must plead facts sufficient to overcome quasi-judicial immunity arising from service of the state-court paperwork.

### 2. Claims Related to Nurse Administrator Lyall

The Amended Complaint alleges fifty-one counts against Nursing Administrator Lyall, arising from her decision to deny Plaintiff access to his Adderall and Xanax and/or her decision to taper-off Plaintiff's Xanax. (DE 11 at 20-70). Plaintiff alleges that Nursing Administrator Lyall showed deliberate indifference to his serious medical needs, presumably in violation of his Eighth and Fourteenth Amendment rights, by engaging in this conduct.

To establish a § 1983 claim in a medical-needs case, a plaintiff must allege facts showing (1) a serious medical need, (2) the defendant's deliberate indifference to that need, and (3) causation between the indifference and the plaintiff's injury. *Rutledge v. Alabama*, 724 F. App'x 731, 735 (11th Cir. 2018). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (cleaned up). "Deliberate indifference" requires a plaintiff to allege facts (1) that show prison officials had subjective knowledge of a risk of serious harm, (2) that they disregarded that risk, and (3) that they acted with more than gross negligence. *Hoffer v. Sec'y, Florida Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020). In a medical-needs case, a § 1983 plaintiff must do more than show subpar or negligent medical care. *Greene v. Dixon*, No. 3:22-CV-799-BJD-PDB, 2022 WL 4384173, at *2 (M.D. Fla. Sept. 22, 2022).

The Court has reviewed the allegations of Counts 19-69 and finds them insufficient to survive dismissal. Among other problems:

6

- The Amended Complaint does not allege facts that show Plaintiff suffered from a "serious medical need." Although Plaintiff alleges he had been prescribed Adderall and Xanax, he does not explain the underlying medical condition(s) that prompted healthcare provider(s) to prescribe these medications.

- The Amended Complaint does not explain the symptoms or medical repercussions likely to arise if Plaintiff's medications were cut-off, reduced, or tapered.

- The Amended Complaint does not allege facts that show Nursing Administrator Lyall had actual knowledge of Plaintiff's serious medical needs or actual knowledge of the symptoms or medical repercussions likely to arise if Plaintiff's medications were cut-off, reduced, or tapered. *See Chatham v. Adcock*, 334 F. App'x 281, 289 (11th Cir. 2009) (granting summary judgment where there was "no indication in the record that any outside physician, or that Plaintiff himself, for that matter, informed the Jail medical staff that Plaintiff was a potential suicide risk or otherwise had a serious medical need for Xanax during the time period at issue").

- The Amended Complaint does not allege facts that show Nursing Administrator Lyall acted with deliberate indifference as opposed to mere negligence in cutting-off, reducing, or tapering Plaintiff's medications.

- The Amended Complaint does not allege facts that show Plaintiff suffered injuries caused by the decision to cut-off, reduce, or taper his medications.

In short, the Amended Complaint fails to state plausible claims for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth and Fourteenth Amendments. Given Plaintiff's *pro se* status, the Court recommends that the Amended Complaint be dismissed without

7

prejudice so that Plaintiff can attempt to cure the pleading deficiencies by way of a Second Amended Complaint.

## IV.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, this Court **RECOMMENDS** that Plaintiff's Applications to Proceed *In Forma Pauperis* (DE 3) be **GRANTED**. Further, the Court **RECOMMENDS** that the Amended Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the District Judge allow Plaintiff leave to file a Second Amended Complaint to attempt to cure the deficiencies identified here. **Pending the District Judge's resolution of this Report and Recommendation, Plaintiff may only file an Amended Complaint in full compliance with Fed. R. Civ. P. 15.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of October 2024.

/s/ Ryon M. McCabe

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:     counsel of record; Plaintiff, *pro se*.