UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:24-cv-14280-KMM

DAWUD C.S. GABRIEL,

    Plaintiff,

v.

PAUL J. BOGAERT and
MARY LENA LYALL,

    Defendants.
_____/

**ORDER**

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Ryon M. McCabe, United States Magistrate Judge. ("R&R") (ECF No. 17). The matter was referred to Magistrate Judge McCabe, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 7). Magistrate Judge McCabe issued a R&R, recommending that Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* (ECF No. 3) be GRANTED and that Plaintiff's Amended Complaint (ECF No. 11) be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Neither Defendant nor Plaintiff objected to the R&R. The Court notes that Plaintiff filed a Legal Memorandum in Support of Rule 60(b)(4) Motion to Strike the October 2, 2024 Magistrate Judge's Report & Recommendation & Rule 12(f) Motion to Strike (ECF No. 23), and a Legal Memorandum in Support of Rule 60(b)(4) Motion to Strike the October 7, 2024 Magistrate Judge's Report & Recommendation & Rule 12(f) Motion to Strike (ECF No. 26). The Motions raised no objections to the findings of the R&R pursuant to Fed.

R. Civ. P. 72, and Magistrate Judge McCabe denied the Motions to the extent that Plaintiff sought to vacate and/or strike the R&R on the grounds that the referral was unconstitutional. *See* (ECF Nos. 31, 32). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

This is a civil rights case against two employees of the Highlands County Sherriff's Office arising from Plaintiff's eviction from his home and subsequent arrest and incarceration for trespassing. *See* (ECF No. 11). The Amended Complaint alleges that on April 3, 2023, Deputy Paul Bogaert served an unconstitutional Notice of Eviction and Writ of Possession on Plaintiff, seeking to evict him from his home in Highlands County. *Id.* at 2. The next day, Deputy Bogaert returned to the home and falsely arrested Plaintiff for trespassing and resisting arrest without

violence. *Id.* at 2–3. Plaintiff thereafter spent approximately three weeks in the Highlands County Jail. *Id.* at 19. While in the County Jail, Plaintiff attempted to access his prescribed medications, Adderall and Xanax. *Id.* at 20, 37. The County Jail's Nursing Administrator, Mary Lena Lyall, refused to allow Plaintiff to take his prescribed medications and/or attempted to taper Plaintiff off Xanax against his will. *Id.* at 20, 37, 54. Based on the foregoing, Plaintiff alleges sixty-nine counts in the Amended Complaint.

Magistrate Judge McCabe first addresses Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* ("IFP"). In IFP cases, a court shall dismiss any action that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As set forth in the R&R, Magistrate Judge McCabe finds that Plaintiff meets the necessary financial standard to proceed *in forma pauperis*. R&R at 5. Magistrate Judge McCabe further recommends that the Amended Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for the reasons set forth below. *See* R&R at 3–7.

The Amended Complaint alleges claims under 42 U.S.C. § 1983, which provides a remedy against every person who, under the color of state law, deprives another of rights secured by the Constitution and laws of the United States. R&R at 4. Specifically, the Amended Complaint alleges eighteen counts against Deputy Bogaert, which all appear to rest upon the premise that the state court Notice of Eviction and Writ of Possession were "unlawful" because they stemmed from "unconstitutional Unlawful Entry/Detainer proceedings" in Florida state court. (ECF No. 11) at 2. Magistrate Judge McCabe finds that Counts 1-18 fail to state a claim as a matter of law because the Amended Complaint fails to explain how or why the underlying state court eviction proceedings were unlawful or unconstitutional.

The Amended Complaint also alleges fifty-one counts against Nursing Administrator Lyall, arising from her decision to deny Plaintiff access to his Adderall and Xanax and/or her decision to taper-off Plaintiff's Xanax. (ECF No. 11) at 20–70. Plaintiff alleges that Nursing Administrator Lyall showed deliberate indifference to his serious medical needs, presumably in violation of his Eighth and Fourteenth Amendment rights, by engaging in this conduct. *Id.* To establish a § 1983 claim in a medical-needs case, a plaintiff must allege facts showing (1) a serious medical need, (2) the defendant's deliberate indifference to that need, and (3) causation between the indifference and the plaintiff's injury. *Rutledge v. Alabama*, 724 F. App'x 731, 735 (11th Cir. 2018). Magistrate Judge McCabe finds that counts 19–69 are insufficient to survive dismissal because Plaintiff fails to establish plausible claims for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth and Fourteenth Amendments. R&R at 7.

The Court received no proper objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge McCabe's findings.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 17) is ADOPTED. Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* (ECF No. 3) is GRANTED. Plaintiff's Amended Complaint (ECF No. 11) is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an Amended Complaint to attempt to cure the deficiencies identified in the R&R no later than **November 21, 2024.**

DONE AND ORDERED in Chambers at Miami, Florida, this __31st__ day of October, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record